IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:09-cr-268-CMH-1 |
| | ) | The Honorable Claude M. Hilton |
| TESFA WUBE | ) | |
| | ) | |
| Defendant. | ) | Sentencing Date: March 12, 2010 |
| _____ | ) | |

### DEFENDANT'S NON-CONFIDENTIAL MEMORANDUM ACCOMPANYING ITS MOTION FOR AN ORDER PROVIDING PROSPECTIVELY FOR FILING DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 49(E)

The Defendant, Tesfa Wube, by counsel and pursuant to Local Rule 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order sealing the document attached to the Motion to Seal.

**I.    Items To Be Sealed and Necessity For Sealing**

The Defendant asks the Court to seal the confidential document attached to his Motion to Seal. Sealing is necessary because the document contains confidential information that should not be released to the public. Counsel for the Defendant has considered procedures other than sealing and none will suffice to protect this information from disclosure.

**II.    Previous Court Decisions Which Concern Sealing Documents**

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's

right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate where there is a substantial probability that the release of the sealed document would compromise the defendant's theories of his defenses to the prosecution. *See, e.g., In re Search Warrant for Secretarial Area Outside office of Gunn*, 855 F.2d 569 98th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III.  Period of Time to Have the Document Under Seal

The materials to be filed under seal would need to remain until further Order of the Court.

WHEREFORE, the Defendant respectfully requests that an Order be entered allowing the document attached to his motion to be placed Under Seal.

                                              Respectfully submitted,

                                              TESFA WUBE
                                              By Counsel

/s/_____
Nina J. Ginsberg, Esquire
VSB # 19472
Attorney for Defendant
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
703-684-4333
703-548-3181 (Fax)
Nginsberg@dimuro.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Steven D. Mellin, Esquire
>United States Attorney's Office
>2100 Jamieson Ave
>Alexandria, VA 22314
>(703) 299-3700
>Email: steve.mellin@usdoj.gov

I also certify that a true and accurate copy was sent by email to:

>Nicole Andrews,
>U.S. Probation Officer
>nicole_andrews@vaep.uscourts.gov

>/s/_____
>Nina J. Ginsberg, Esquire
>VSB No. 19472
>Counsel for Defendant
>DiMuroGinsberg, P.C.
>908 King Street, Suite 200
>Alexandria, VA 22314
>703-684-4333
>703-548-3181 (Fax)
>nginsberg@dimuro.com